```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


JOHN BAX,                         :
                                  :
          Petitioner              :
                                  :
     v.                           :   CIVIL NO. 3:CV-05-738
                                  :
WARDEN T. WILLIAMSON,             :   (Judge Conaboy)
                                  :
          Respondent              :
_____
```

## MEMORANDUM AND ORDER
### Background

John Bax, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. USP-Allenwood Warden T. Williamson is named as sole Respondent. The petition is accompanied by a request to proceed in forma pauperis.

Bax states that he was convicted of conspiracy to manufacture and distribute cocaine following a jury trial in the United States District Court for the Middle District of Pennsylvania. On February 16, 1994, Judge Caldwell of this Court sentenced the Petitioner to a two hundred and eighty-six (286) month term of imprisonment.

Bax's petition correctly notes that since he has been sentenced to a term of imprisonment which exceeds one (1) year,

1

he is eligible for an award of good conduct time (GCT) under 18 U.S.C. § 3624(b).  Petitioner alleges that pursuant to § 3624(b), the Federal Bureau of Prisons (BOP) should "calculate an inmate's good conduct time on the basis of the inmate's sentence rather than on the time the inmate has actually served."  Doc. 1, ¶ 9(a).

His petition adds that he should be entitled to fifty-four (54) days of GCT for every year that he was given by the sentencing judge.  However, as a result of the BOP's erroneous calculation method of awarding GCT based on the amount of time actually served, Bax's projected release date is September 15, 2014 instead of March, 2014.  Petitioner concludes that the present method employed by the BOP is unconstitutional and contrary to what Congress intended in enacting the GCT legislation.  His petition also indicates that his available administrative remedies have been exhausted.

## **Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

    18 U.S.C. § 3624(b) provides:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

The BOP's interpretation of this statute appears in Program Statement 5880.28 which states that 54 days of GCT may be earned for each full year served on a sentence in excess of 1 year with the GCT being prorated for the last partial year.  The BOP then subtracts 54 days of GCT from the remainder of the term to be served, not from the year already served.  Pursuant to this method of calculation, GCT is awarded only after it is earned by

a prisoner.

It is initially noted that it is the BOP, not courts, which determines whether federal inmates should receive good time credits.  United States v. Evans, 1 F.3d 654 (7th Cir. 1993).  A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence.  Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

In support of his miscalculation argument, Petitioner relies upon White v. Scibana, 314 F. Supp.2d 834, 838 (W.D. Wisc. 2004)(White I), wherein the Western District of Wisconsin ruled that the BOP's GCT calculation method was invalid.  The district court added that computation of GCT should be based on a prisoner's sentence rather than the amount of time he has served.  A recent decision by the Seventh Circuit Court of Appeals reversed White I, holding that the BOP's "reasonable interpretation of the statute which awards credit for each year served in prison rather than each year of the sentence imposed" was entitled to deference.  White v. Scibana, 2004 WL 2749863 *4 (7th Cir. Dec. 2, 2004)(White II).  Consequently, Petitioner's reliance on the White I decision is no longer appropriate.

Furthermore, at least three other Judges of this district have reached contrary conclusions.  In Baldwin v. Angeline, No. 3:CV-03-1144, slip op. at 13 (M.D. Pa. Jan. 28, 2004)(Caputo,

4

J.), Judge Caputo of this Court citing <u>Pacheco-Camancho v. Hood</u>, 272 F. 3d 1266 (9th 2001), <u>cert. denied</u>, 535 U.S. 1105 (2002), concluded that "the BOP's interpretation is a reasonable interpretation of 28 U.S.C. § 3624(b)."  Chief Judge Vanaskie and Judge Jones of this Court reached similar determinations. <u>See</u> <u>Hill v. Nash</u>, No. 3:CV-02-1022, slip op. at 3 (M.D. Pa. Jan. 30, 2003)(Vanaskie, C.J.), <u>aff'd</u>, No. 03-1392, slip op. (3d Cir. Aug. 29, 2003)(per curiam); <u>Lopez v. Williamson</u>, Civil No. 4:CV-04-2390, slip op. (M.D. Pa. Dec. 14, 2004)(Jones, J.).

In <u>Robinson v. Nash</u>, Civil No. 3:CV-0 4-1585, slip op. (M.D. Pa. Nov. 8, 2004)(Conaboy, J.), this Court concurred with the approach taken by Judges Vanaskie and Caputo and held "that the BOP's interpretation of § 3624(b) is 'based on a permissible construction of the statute.'" <u>Id</u>. at p. 5 (citing <u>Chevron U.S.A. Inc. v. Natural Res. Def. Council</u>, 467 U.S. 837, 843 (1984)).

This Court additionally noted in <u>Robinson</u>, that the Southern District of New York in <u>Loeffler v. Bureau of Prisons</u>, 2004 WL 2417805 *6 (S.D.N.Y. Oct. 29, 2004), also recently rejected the reasoning employed in <u>White</u>, concluding that "the statute enacted by Congress is simply silent on this point and gives no specific direction as to the GCT calculation. Accordingly, the Court has no choice but to defer to the BOP's interpretation."

Recently, the United States Court of Appeals for the Third Circuit addressed this same issue and likewise concluded that there was no basis for federal habeas corpus relief. See O'Donald v. Johns, No. 04-2990, 2005 WL 647669 (3d Cir. March 22, 2005). Based on a review of the present petition, the Seventh Circuit's holding in White II and the Third Circuit's recent decision in O'Donald, this Court sees no reason to depart from our prior holding in Robinson or the similar decisions in Baldwin, Hill, Lopez, and Loeffler. In accordance with O'Donald, it is the conclusion of this Court that the BOP's method of computing GCT is neither arbitrary, capricious nor manifestly contrary to the statute. See Firstland Int'l v. INS, 377 F.3d 127, 131 (2d Cir. 2004). Consequently, there is no basis for an award of federal habeas corpus relief. An appropriate Order will enter.

AND NOW, THEREFORE, THIS 20th DAY OF APRIL 2005, IT IS HEREBY ORDERED THAT:

1. Petitioner is granted temporary leave to proceed in forma pauperis for the sole purpose of filing this action.
2. The petition for writ of habeas corpus is denied.
3. The Clerk of Court is directed to close the case.
4. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

S/Richard P. Conaboy

6

```
                              _____
                              RICHARD P. CONABOY
                              United States District Judge
```